OPINION
Defendant-appellant Todd Potts pled guilty to kidnapping in the Carroll County Common Pleas Court. He now appeals the portion of the court's judgment which sentenced him to five years in prison. For the following reasons, the sentence imposed by the trial court is affirmed.
 STATEMENT OF THE CASE
On May 1, 2000, Potts was indicted for second degree felony burglary in violation of R.C. 2911.12(A)(1), first degree felony kidnapping in violation of R.C. 2905.01(A)(3) and second degree felony felonious assault in violation of R.C. 2903.11(A)(2). These charges apparently stem from an incident that occurred between Potts and his estranged wife which involved a knife. The bill of particulars states that the victim's forearm was cut during the incident.
On August 3, 2000, Potts pled no contest to kidnapping. In return, the state dismissed the other two charges and recommended five years in prison. During the plea hearing, Potts was advised that there was a presumption of incarceration and that he could be sentenced to three, four, five, six, seven, eight, nine or ten years in prison. After accepting the no contest plea and finding him guilty, the court proceeded to the sentencing phase.
Defense counsel urged the court to impose the minimum sentence of three years. He argued that five years is too harsh considering that five years of post release control was required. He claimed that the animosity felt by Potts toward his wife would be sufficiently dissipated after three years in prison. Counsel also noted that Potts suffered from anxiety and depression, had no prior felonies, and had a supportive family. (Tr. 10).
The court announced that it had reviewed the victim impact statement, the offense summary and the presentence report. (Tr. 11, 14). The court pointed out that Potts had misdemeanor domestic violence charges pending. The court also noted that Potts violated a criminal protection order previously and on this occasion. (Tr. 11). The court then opined that a minimum sentence of three years would demean the seriousness of the offense and that the recommended five years would be more appropriate, reiterating that a weapon was involved. (Tr. 14).
The court's judgment entry accepting the plea and sentencing Potts to five years in prison was released that same day. This entry restated that the shortest prison term would demean the seriousness of the offense and declared that Potts posed the greatest likelihood of recidivism. Potts subsequently failed to file timely notice of appeal, but this court sustained his motion to file a delayed appeal pursuant to App.R. 5(A).
 ASSIGNMENT OF ERROR
The sole assignment of error on appeal provides:
 "TODD A. POTTS HAS BEEN DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW BECAUSE THE TRIAL COURT RELIED UPON IMPROPER CRITERIA WHEN SENTENCING HIM."
On appeal, the sole contention of Potts is that this case should be remanded for resentencing because the trial court improperly made reference to the two dismissed charges and that such reference indicates an erroneous reliance on those charges in sentencing on the kidnapping charge. According to the appellate brief, support for this argument is evident in the following statement of the court at the sentencing hearing:
 "Considering all that Mr. Potts has been charged with, two felony two's as well as one felony one * * * I think there would have been a high probability had these matters gone to trial before a jury that he would have been convicted on all counts, which would have made the sentence extremely more severe than the one he's looking at." (Tr. 14).
As the state points out, the court's words must be read in context. It appears that the placement of the asterisks in the above quote is an attempt to mislead this court. Specifically, the asterisks were used in the appellate brief to replace the following statement by the trial court: "I think the Public Defender's Office, given the facts of this case, has well represented him."
After reading the quoted paragraph, the omitted sentence and the prior page of the transcript, it is apparent that the court's comment is merely a response to the following statement by Potts' mother in support of a minimum sentence:
 "[My son's wife] wasn't aware that it would ever get to this. It started out we were told at the very beginning that it was going to work down to something else on the merits of the case and started to look at, and I'm not saying anything against [appointed counsel] but I believe the Public Defender is overworked and my husband and I had no funds, the kind of money it took to hire an attorney * * *." (Tr. 13).
The court's response was not an indication that it considered the dismissed charges to support its variance from the minimum.[1]
Rather, the court was explaining that the use of appointed counsel is not a consideration in sentencing and that appointed counsel's performance in this case was not deficient as implied by Potts' mother.
As aforementioned, the court twice orally opined that a minimum sentence would demean the seriousness of the offense considering the fact that a knife was used in the kidnapping and that there is a history of domestic violence. See R.C. 2929.14(B) (stating that an offender who has not previously been incarcerated should be sentenced to the shortest prison term unless the court finds on the record that the shortest term will demean the seriousness of the offense or will not adequately protect the public). The court's judgment entry also states that the shortest prison term would demean the seriousness of appellant's conduct. As such, the court was permitted to vary from the minimum available sentence.
For the foregoing reasons, the record does not support the claim that the court considered dismissed charges in determining the sentence; nor does the record support any argument that the court erroneously sentenced Potts. Accordingly, the sentence pronounced by the trial court is hereby affirmed.
DONOFRIO, J. and DeGENARO, J., concurs.
[1] Regardless, many cases have held that a sentencing court may consider other charges even if they did not result in convictions. See,e.g., State v. Wiles (1991), 59 Ohio St.3d 71, 78 (stating that it is well-established that a court sentencing on one charge may consider a companion charge of which the defendant was acquitted); State v. Carty
(Nov. 2, 2000), Cuyahoga App. No. 77520, unreported, 3 (reaffirming that a sentencing court may consider charges that were nolled and dismissed under the plea agreement).